IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TASHAUN GAUSE,

      Plaintiff,

v.

HUD,

      Defendant.

Case No. 3:24-CV-2493-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Plaintiff Tashaun Gause, proceeding *pro se*, filed this action alleging that the Housing Authority of the City of East St. Louis banned her children's father from the premises of the Samuel Gompers apartment complex after she wrote a letter complaining about a neighbor sitting in front of her door and blocking her sidewalk. (Doc. 3). She also complains that she has not been permitted to move into a smaller apartment even though three of her children no longer live with her. (*Id.*).

    The case is now before the Court on Gause's Motion to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 6). Normally, the fee for filing a complaint and opening a civil case is $405.00. Under 28 U.S.C. § 1915(a)(1), however, an indigent party may commence a federal court action without paying required costs and fees by submitting an affidavit asserting her inability to pay the fees, the nature of the action, and the affiant's belief that she is entitled to redress. 28 U.S.C. § 1915(a)(1). Destitution is not required to proceed without prepaying fees or costs; an affidavit demonstrating that the plaintiff cannot, because of her poverty, provide herself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

Here, the Court is satisfied from Gause's affidavit that she is indigent. Gause states that she has only a seasonal job at the baseball stadium making $14.04 per hour. She has no other source of income, no money in a checking or savings account, and no property of value. It is also evident from her complaint that three children under the age of 18 live with her. As Gause is unable to pay the filing fee, her Motion to Proceed in District Court Without Prepaying Fees or Costs (Doc. 6) is granted.

Because Gause is proceeding without prepayment of the filing fee, the Court must now screen Gause's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismiss the Complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense.").

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must include: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief; and (3) a demand for the relief sought. FED. R. CIV. P. 8(a). The Court accepts the plaintiff's factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400,

403 (7th Cir. 2010). Instead, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

Gause's Complaint is clearly deficient under Rule 8(a). It contains no statement of the grounds for the court's jurisdiction, nor does it contain any request for relief. Her factual allegations are also woefully insufficient. Gause claims that she lives in the Samuel Gompers apartment complex, which is managed by the Housing Authority of the City of East St. Louis. (Doc. 3). She alleges that on October 24, 2024, she filed a complaint about a neighbor sitting in front of her door and blocking her sidewalk. (*Id.* at p. 6). On October 28, 2024, she received a letter stating that her children's father had been staying with her for more than 14 days in violation of her lease. (*Id.*). Public safety told him he had to leave and could not come back. (*Id.*). Then they added him to the "ban list" so he cannot see his children at all. (*Id.*). Gause also was not allowed to add him to her lease. (*Id.*).

Separately, Gause states that she has been trying to move out of her four-bedroom unit because three of her children do not live with her. (*Id.*). However, housing will not take those children off the lease and allow her to move to a three-bedroom even though it is only Gause, her teenage daughter, and her three-year-old twins that live in the apartment. (*Id.*).

In reviewing Gause's Complaint, the undersigned is mindful that courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). And a *pro se* litigant is not required to explicitly refer to a statute or explain a legal theory to state a cause of action, as long as relief is possible under some statute or theory consistent with the facts pled. *Kennedy v. National Juvenile Detention Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999), *cert. denied*, 120 S. Ct. 1169 (2000); *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1134 (7th Cir. 1992). But, at this point, the Court cannot discern any legal claims arising from Gause's sparse allegations. At

best, Gause may be attempting to raise a First Amendment retaliation claim, which arises when (1) a plaintiff engages in protected First Amendment activity; (2) he or she suffers a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the defendant's decision to take the retaliatory action. *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020). But without more factual allegations, it is impossible for this Court to tell whether Gause is entitled to any relief.

For these reasons, the Court dismisses Gause's Complaint for failure to state a claim. Gause shall be permitted to amend her complaint within 30 days of this Order. At a minimum, the amended complaint should include a statement of the facts, a list of the parties to this case, the legal claims asserted, and who those claims are asserted against. The Court encourages Gause to review the Court's resources for *pro se* litigants, which can be found at: https://www.ilsd.uscourts.gov/representing-yourself-pro-se-litigant. In particular, the Court encourages Gause to review the American Bar Association's Handbook for Pro Se Litigants, which explains how to draft a complaint in federal court.

Because the Complaint filed by Plaintiff Tashaun Gause (Doc. 3) fails to state a claim, it is **DISMISSED without prejudice**. Gause's Motion to Proceed in District Court Without Prepaying Fees or Costs (Doc. 6) is **GRANTED**. The Court **RESERVES RULING** on Gause's Motion for Recruitment of Counsel (Doc. 7) until she files an amended complaint. If Gause chooses to amend her complaint, she should do so on or before **January 6, 2024**.

IT IS SO ORDERED.

DATED: December 4, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**