IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TASHAUN GAUSE,

    Plaintiff,

v.

HUD,

    Defendant.

Case No. 3:24-CV-2493-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    This matter is before the Court on Plaintiff Tashaun Gause's Amended Complaint (Doc. 10) and Motion for Recruitment of Counsel (Doc. 7). The Court dismissed Gause's initial Complaint because it was deficient under Rule 8(a) of the Federal Rules of Civil Procedure but granted her leave to file an Amended Complaint. (Doc. 9). In Gause's Amended Complaint, she now alleges that the East St. Louis Housing Authority and Valerie Bonds, Housing Manager, charged her unnecessary fees. (Doc. 10). Gause states that she wants "at least $10,000 because I been pay[ing] them for the whole 12 or 13 years I been out there plus they owe me money anyway." (*Id.*). These allegations make up the entirety of Gause's Amended Complaint.

    Because Gause is proceeding without prepayment of the filing fee, the Court must screen Gause's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismiss it if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense.").

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must include: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief; and (3) a demand for the relief sought. FED. R. CIV. P. 8(a). The Court accepts the plaintiff's factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Instead, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

Like her initial Complaint, Gause's Amended Complaint is clearly deficient under Rule 8(a). It contains no statement of the grounds for the court's jurisdiction, nor does it state any facts that would permit this Court to grant her relief. It merely states that she was charged unnecessary fees. In sum, Gause has not provided any information to suggest that something has happened to her that might be redressed under federal law.

The Court is mindful that a *pro se* litigant is not required to explicitly refer to a statute or explain a legal theory in order to state a cause of action, as long as relief is possible under some statute or theory consistent with the facts pled. *Kennedy v. National Juvenile Detention Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999), *cert. denied*, 120 S. Ct. 1169 (2000); *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1134 (7th Cir. 1992). But because Gause has not stated any facts, other than her belief that she has been charged for unnecessary fees, the Court dismisses Gause's

Amended Complaint for failure to state a claim. Further, because any additional amendment of the Complaint would be futile, the dismissal is with prejudice.

For these reasons, Plaintiff Tashaun Gause's Amended Complaint (Doc. 10) is **DISMISSED with prejudice**. Gause's Motion for Recruitment of Counsel (Doc. 7) is **DENIED**.

### NOTICE OF APPELLATE RIGHTS

If Gause wishes to appeal the dismissal of her case, she has two options. She can ask the Seventh Circuit to review the Court's Order, or she can first ask the undersigned to reconsider its Order before appealing to the Seventh Circuit.

If Gause chooses to go straight to the Seventh Circuit, she must file a notice of appeal within 30 days from the entry of judgment. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Gause files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard). If Gause cannot afford to pay the entire filing fee up front, she must file a motion for leave to appeal *in forma pauperis* ("IFP") in this Court. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Gause plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).

If Gause wants to start with the undersigned, she should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion must be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with

sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor*, 556 F.2d 818, 819–20 (7th Cir. 1977).

**IT IS SO ORDERED.**

**DATED:   August 15, 2025**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**